UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: _____

| | | |
|---|---|---|
| FERNANDO ORTIZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| CITY OF MIAMI, a Florida | § | |
| Municipality, | § | |
| ANTHONY COELLO and | § | |
| ZACHARY ESTAPE, | § | |
| in their individual capacity, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S VERIFIED COMPLAINT**
**(*42 U.S.C. § 1983*)**
*(State Claim of False Arrest and False Imprisonment)*

COMES NOW, the Plaintiff, FERNANDO ORTIZ ("Plaintiff"), in the

above-entitled numbered cause who files this, his Original Complaint against

Defendants CITY OF MIAMI, a Florida Municipality, Police Officer ANTHONY

COELLO and Police Officer ZACHARY ESTAPE, in their individual capacity,

stating claims as follows:

## I.  JURISDICTION AND VENUE

1.       This action arises under the Civil Rights Act of 1964 (42 U.S.C. §1983), Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.

2.       The jurisdiction of this Court is invoked in accordance with the provisions of Title 28, United States Code, Section 1331, 1343, 2201-02 and Art. V, § 3(b)(4), Fla. Const. This Court has supplemental jurisdiction over the state-law claims for false arrest, false imprisonment and unlawful seizure of Plaintiff's property.

3.       Venue is prescribed in the General Venue Statute, 28 U.S.C. § 1391, and properly lies in the Miami Division of the United States District Court for the Southern District of Florida given all acts giving rise to this federal civil rights act occurred or accrued in Miami Dade County, Florida.

## II. NATURE OF ACTION AND RELIEF SOUGHT

4.       Plaintiff brings suit against federal Defendants CITY OF MIAMI ("CITY"), a Florida Municipality, Police Officer ANTHONY COELLO ("COELLO") and Police Officer ZACHARY ESTAPE ("ESTAPE"), in their individual capacity, for the unlawful arrest, search and seizure of Plaintiff, violating Plaintiff's Fourth, Fifth and Fourteenth Amendment rights to the U.S. Constitution and the provisions of the Civil Rights Act of 1964.

2

5.      Specifically, on August 5, 2021 @ approximately 3:57 p.m., COELLO and ESTAPE acting as a police officer and under color of law for the City of Miami were in their police vehicle when they observed a vehicle with tinted front windshield moving southbound on NW 7th Avenue at NW 30th Street in the City of Miami. COELLA and ESTAPE caused the vehicle to stop, activated their body cameras and made contact with the driver and Plaintiff who was a passenger in the front passenger seat of the vehicle. COELLO and/or ESTAPE asked Plaintiff and the driver if there was a firearm in the vehicle. Plaintiff stated there was a firearm secured inside the center console of the vehicle. ESTAPE opened the center console, removed and seized a firearm. Plaintiff told COELLA and ESTAPE the firearm was his. It was at that time COELLA and ESTAPE arrested Plaintiff for illegal possession of a firearm, placed handcuffs on Plaintiff wrists, with his arms behind his back, read *Miranda* rights to Plaintiff and the secured Plaintiff in the rear seat of the police vehicle for transportation to the City of Miami jail for booking.

6.      Upon arrival at the city jail, COELLA and ESTAPE wrote a police report and submitted it to Miami Police Sgt. Rodriguez and Lt. Ruggiero for approval and further processing of Plaintiff to be transferred and confined in the Miami Dade County Jail known as TGK. COELLA and ESTAPE obtained a date

of August 19, 2022 @ 1:30pm with Assistant State Attorney Wessel for prefile of the criminal charge of unlawful possession of a firearm against Plaintiff.

7.     After Sgt. Rodrigues and Lt. Ruggiero told COELLA and ESTAPE that Plaintiff was lawfully carrying the firearm and the arrest was unlawful, COELLA called Asst. State Attorney Matthew Wolf to justify the unlawful arrest of Plaintiff. ASA Wolf told COELLA that Plaintiff was in compliance with Fla. Stat. 790.001(17) and the arrest was unlawful.

8.     The CITY OF MIAMI ("CITY") was/is a municipal corporation in the State of Florida, with authority to act and provide local services, including law enforcement services and police protection within its municipal boundaries. The CITY operated the Miami Police Department (hereinafter known as "MPD"). failed to properly train COELLA and ESTAPE and was deliberately indifferent in not adequately training COELLA and ESTAPE and other police officers in the lawful possession of a firearm by citizens of Florida.

9.     Defendants COELLA, ESTAPE and CITY OF MIAMI's acts described above constituted a clear violation of Plaintiff's Fourth, Fifth and Fourteen Amendment rights to the U.S. Constitution and the Civil Rights Act of 1964, 42 U.S.C. 1983.

10.     Plaintiff seeks equitable relief from this Court as well as compensatory, punitive and other damages in such amounts as the jury may find to

be fair and just in consideration of the evidence at trial. Additionally, Plaintiff seeks such injunctive orders enjoin Defendants and their successors from engaging in such unlawful arrests of Plaintiffs and other citizens of Florida for lawful possession of a firearm in a vehicle. Plaintiff prays that this Court determine and award costs and reasonable expense of litigation, including a reasonable attorney's fee as an incident of Plaintiff's costs.

### III.  THE PARTIES

11.     Plaintiff is a citizen of the State of Florida and United States residing at all times in Miami Dade County, Florida.

12.     Defendant COELLA, at all times relevant to this action, was acting under color of law and so employed as police officer by the CITY. Defendant COELLA is being sued in his individual capacity.

13.     Defendant ESTAPE, at all times relevant to this action, was acting under color of law and so employed as police officer by the CITY. Defendant ESTAPE is being sued in his individual capacity.

14.     Defendant CITY, at all times relevant to this action, was/IS a municipality and employed COELLA and ESTAPE as police officers. Defendant CITY is liable for causing the constitutional violations against Plaintiff under 42 U.S.C. 1983.

## IV. GENERAL ALLEGATIONS

15.    All conditions precedent to the filing of the instant federal civil rights action have been fulfilled, occurred or waived as a matter of law.

16.    At all times relevant to this federal civil rights action, Plaintiff was a passenger in a motor vehicle on the public roadway on NW 7th Avenue near the intersection of NW 30th Street in the City of Miami, Florida on August 5, 2021.

17.    At all times relevant to this federal civil rights action, Defendants COELLA and ESTAPE was employed as police officers by the CITY.

18.    On August 5, 2021, COELLA and ESTAPE were patrolling the area of NW 7th Avenue and NW 30th Street when they observed a Dodge Durango RT vehicle with tinted front windshield and a Florida temporary tag traveling southbound on NW 7th Avenue.

19.    COELLA and ESTAPE activated the emergency lights signaling for operator of the vehicle to stop. The vehicle stopped without incident and COELLA and ESTAPE made contact with the operator of the vehicle and the passenger Plaintiff.

20.    COELLA and/or ESTAPE asked Plaintiff and the driver in the vehicle if there were any firearms in the vehicle. Plaintiff stated that there was a firearm in the center console. COELLA and ESTAPE ordered Plaintiff and the driver to exit the vehicle which they complied without incident.

21.    ESTAPE then entered the vehicle, opened the center console and removed a "hi-point firearm." ESTAPE and/or COELLA read Plaintiff the Miranda rights.

22.    After reading the Miranda rights by COELLA and ESTAPE to Plaintiff, Plaintiff "stated the firearm that was located inside of the center console belonged to him and that he did not have a concealed carrying permit." COELLA and/or ESTAPE told Plaintiff that he was being arrested for unlawful possession of a firearm.

23.    Plaintiff told COELLA and ESTAPE that the firearm was properly stored in the center console and was not a violation of law. Plaintiff told COELLA and ESTAPE that officers of the Miami Dade Police Dept. told Plaintiff that placement of the firearm in the center console was properly secured under Florida law and not a violation of Florida law. COELLA and/or ESTAPE stated the Miami Dade Police Officers didn't know what they were talking about and they were wrong.

24.    COELLA and/or ESTAPE moved Plaintiff's arms behind his back and placed handcuffs on his wrists, and then placed Plaintiff in the rear seat of the police vehicle.

25.    Upon arrival at the police station / jail, Plaintiff remained handcuffed and secured to a bench.

26.     Thereafter, COELLA wrote a police arrest report detailing the arrest of Plaintiff for unlawful possession of a firearm. After completing the police arrest report, COELLA and/or ESTAPE submitted the police arrest report to supervisors for further processing of the criminal charge against Plaintiff.

27.     Upon receipt of the arrest report submitted by COELLA and/or ESTAPE, the supervisors told COELLA and/or ESTAPE that it was an unlawful arrest.  In fact, COELLA and/or ESTAPE wrote in the official police document the following:

> "UPON SUBMITTING THE ARREST FORM FOR SUPERVISOR APPROVAL, THE ARREST FORM WAS REJECTED BY SGT GUZMAN IBM 28565 DUE TO AN UNARREST. I OFFICER COELLO CONTACTED THE ON CALL STATE ATTORNEY IMMEDIATELY AND SPOKE TO ASA MATTHEW WOLF IN REFERENCE TO INQUIRING ABOUT THE FIREARM I LOCATED INSIDE OF THE CENTER CONSOLE OF THE VEHICLE UNHOLSTERED BEING "SECURELY ENCASED." UPON THE ASA REVIEWING SEVERAL CASES AND GOING THROUGH STATUE 790.001(17) IT WAS DETERMIND THAT THE FIREARM WAS INDEED SECURELY ENCASED. SGT RODRIGUEZ IBM 28558 AND LT. RUGGIERO RESPONDED TO CENTRAL STATION IN REFERENCE TO THE UNARREST. THE SUBJECT OF THE REPORT WAS NO LONGER UNDER CUSTODY AND WAS RELEASED. HIS FIREARM WAS RETURNED TO HIM WITH NO FURTHER INCIDENT."

28.     As indicated by COELLA and/or ESTAPE's written statement above, the firearm was returned to Plaintiff at the police station /jail, allowing Plaintiff to carry on his person the firearm upon leaving the police station / jail

8

notwithstanding COELLA and/or ESTAPE personally knew that Plaintiff did not have a concealed weapons permit.

29.    Defendant CITY, its elected officials, police department, and police officers are legally liable for the unlawful arrest of Plaintiff because of their pattern and practice of failing to properly hire, train, supervise, discipline, and/or retrain their police force in a manner consistent with the protections afforded by the Constitution of the United States of America, federal statutes, and Florida law.

30.    The CITY had a pattern and practice of its police officers violating constitutional rights of citizens, like Plaintiff, in unlawful arrests of citizens and residents of Miami Dade community and elsewhere, yet failed to implement proper training to its officers, including ESTAPE and COELLA to know the basics of what is an unlawful arrest of a person when securing a firearm in a vehicle in Miami Dade County, Florida or what is an unlawful arrest or probable cause to make an arrest. The CITY is liable for the unlawful arrest, imprisonment and other unlawful acts of COELLA and ESTAPE.

31.    As a proximate or direct result of Defendant COELLA and/or ESTAPE's intentional acts and omissions described in this complaint, Plaintiff was falsely arrested, had his firearm seized and confiscated, and confined at the police station / jail, all in violation of his constitutional rights under the Fourth, Fifth and

9

Fourteenth Amendment rights to the U.S. Constitution and the Florida Constitution was damaged.

32.     Plaintiff is entitled to recover damages against COELLA and/or ESTAPE in an amount not less than $500,000.00, to which they should be held liable jointly and severally.

33.     The acts of Defendants COELLA and/or ESTAPE against Plaintiff were so outrageous and egregious and shocking to the conscience of Miami Dade community, the imposition of punitive damages is warranted in an amount not less than $1,000,000.00.

34.     Plaintiff is entitled to recover from Defendants all costs and expenses associated with the filing and prosecuting of this action, including reasonable attorney's fees.

## FIRST CLAIM FOR RELIEF

## 42 USC §1983 UNCONSTITUTIONAL ARREST

## AGAINST COELLA AND ESTAPE

35.     Plaintiff realleges and repeats each and every allegation contained in the above paragraphs 1 through 31, inclusive, as if fully copied hereat.

36.     Defendants COELLA and ESTAPE knew or should have known that the firearm located in the center console of the vehicle was properly and lawfully

secured in accordance with the laws of the State of Florida. Defendants' acts were deliberate, willful and intentional.

37.    Further, Defendant's acts also served in purpose to cause and pain and discomfort to Plaintiff and otherwise designed to punish Plaintiff.

38.    The proximate acts of Defendant, acting at all times under color of law, constituted unlawful arrest and seizure of Plaintiff and a clear violation of Plaintiff's Fourth and Fourteenth Amendment rights under the U.S. Constitution and the Florida Constitution.

39.    At the time Defendant so acted, it was clearly established law that the Fourth and Fourteenth Amendment to the United States Constitution prohibited police officers and the Defendants here from arresting Plaintiff for engaging in lawful activity, i.e. properly securing a firearm in a vehicle to which Defendants are liable to Plaintiff.

40.    Damages for this, Plaintiff's First Claim for Relief should be assessed against Defendants COELLA and ESTAPE in an amount no less than $500,000.00.

41.    The Defendant COELLA and ESTAPE acted with respect to Plaintiff in a willful and malicious manner and with reckless disregard of the rights of Plaintiff, as a consequence of which punitive damages should be awarded to Plaintiff in the amount of at least $1,000,000.00.

42.     Unless subject to specific injunctive orders of this Court, the said individual Defendants will continue to violate and act in the manner described in the preceding paragraphs of this complaint and in violation of the Constitution and laws of the United States and State of Florida, and Plaintiff has no plain and adequate remedy at law.

43.     In order to protect and vindicate Plaintiff's interests, Plaintiff has retained counsel to prosecute this action before this Court, to which Plaintiff is entitled to recover from Defendants COELLA and ESTAPE any and all reasonable attorney's fees and costs incurred by Plaintiff related to this action.

## VI. SECOND CLAIM FOR RELIEF

## FOURTH AMENDMENT VIOLATION

## UNREASONABLE SEARCH AND SEIZURE

## AGAINST COELLA AND ESTAPE

44.     Plaintiff realleges and repeats each and every allegation contained in the above paragraphs 1 through 31, inclusive, as if fully copied hereat.

45.     The Fourth Amendment to the United States Constitution states:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and

12

particularly describing the place to be searched, and the persons or things to be seized.

*U. S. Const., Amdt. 4.*

46. The requirements of the Constitution are clearly established: before a police officer can may search a person and his property, there must be probable cause that a person has committed a criminal offense.

47. "The Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents." *Groh v. Ramirez*, 540 U.S. 551 (2004) (*citing Massachusetts v. Sheppard*, 468 U. S. 981, 988, n. 5 (1984) ("[A] warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional")).

48. Defendants COELLA and ESTAPE specifically entered the vehicle Plaintiff occupied to take possession of and seize Plaintiff's firearm lawfully secured in the center console of the vehicle.

49. Defendants COELLA and ESTAPE did not have a reasonable, articulable suspicion that Plaintiff committed the offense of unlawful possession of a firearm. when they conducted a search of the vehicle occupied by Plaintiff. Defendants had no lawful reason to conduct a warrantless search of Plaintiff and the vehicle he was a passenger in for the firearm which Defendants knew was lawfully secured in the center console by Plaintiff.

50.     At the time Defendants COELLA and ESTAPE so acted, it was clearly established law that the Fourth Amendment to the United States Constitution prohibited police officers conducting a search of Plaintiff and the vehicle for the sole reason of removing and seizing a lawfully secured firearm in the center console of the vehicle, to which Defendant is liable to Plaintiff.

51.     Damages for this, Plaintiff's Second Claim for Relief should be assessed against Defendants COELLA and ESTAPE in an amount no less than $250,000.00.

52.     The Defendants COELLA and ESTAPE acted with respect to Plaintiff in a willful and malicious manner and with reckless disregard of the rights of Plaintiff, as a consequence of which punitive damages should be awarded to Plaintiff in the amount of at least $100,000.00.

53.     Unless subject to specific injunctive orders of this Court, the said individual Defendant will continue to violate and act in the manner described in the preceding paragraphs of this complaint and in violation of the Constitution and laws of the United States and State of Florida, and Plaintiff has no plain and adequate remedy at law.

54.     In order to protect and vindicate Plaintiff's interests, Plaintiff has retained counsel to prosecute this action before this Court, to which Plaintiff is

entitled to recover from Defendants COELLA and ESTAPE any and all reasonable attorney's fees and costs incurred by Plaintiff related to this action.

## FIFTH AMENDMENT VIOLATION

## UNLAWFUL SEIZURE OF PLAINTIFF'S PROPERTY

## AGAINST COELLA AND ESTAPE

55.    Plaintiff realleges and repeats each and every allegation contained in the above paragraphs 1 through 31, inclusive, as if fully copied hereat.

56.    Defendants COELLA and ESTAPE targeted and searched the vehicle for the sole purpose of seizing Plaintiff's firearm which was lawfully secured in the center console of the vehicle. in violation of clearly established rights under the Due Process Clause of the Fifth Amendment.

57.    Defendants COELLA and ESTAPE unlawfully removed and seized Plaintiff's property, *i.e.* firearm, from the vehicle, in violation of clearly established rights under the Due Process Clause of the Fifth Amendment.

59.    As a result of Defendants COELLA and ESTAPE's actions, Plaintiffs suffered harm, including but not limited to loss of liberty, and loss of use of his property, a clear violation of Plaintiff's constitutional rights.

60.     Damages for this, Plaintiff's Third Claim for Relief should be assessed against COELLA and ESTAPE in an amount no less than $100,000.00.

61.     The Defendant Defendants COELLA and ESTAPE acted with respect to Plaintiff in a willful and malicious manner and with reckless disregard of the rights of Plaintiff, as a consequence of which punitive damages should be awarded to Plaintiff in the amount of at least $50,000.00.

62.     Unless subject to specific injunctive orders of this Court, the said individual Defendant will continue to violate and act in the manner described in the preceding paragraphs of this complaint and in violation of the Constitution and laws of the United States and State of Florida, and Plaintiff has no plain and adequate remedy at law.

63.     In order to protect and vindicate Plaintiff's interests, Plaintiff has retained counsel to prosecute this action before this Court, to which Plaintiff is entitled to recover from Defendants COELLA and ESTAPE any and all reasonable attorney's fees and costs incurred by Plaintiff related to this action.

## FOURTH CLAIM FOR RELIEF

## COMMON LAW FALSE ARREST CLAIMS

## (COELLA AND ESTAPE)

64.     Plaintiff realleges and repeats each and every allegation contained in the above paragraphs 1 through 31, inclusive, as if fully copied hereat.

16

65.     This is an action against Defendants COELLA and ESTAPE, in their official capacity for common law false imprisonment/arrest. This Count is pled in the alternative and for the purposes of this count, Defendants COELLA and ESTAPE were acting within the course and scope of their employment with the CITY OF MIAMI Police Department.

66.     Plaintiff is entitled to relief against Defendants COELLA and ESTAPE in that they, intentionally and unlawfully detained and restrained the Plaintiff, when Plaintiff was unlawfully seized and deprived of his liberty without any reasonable cause or color of authority and maintained such complete restraint and deprivation for a period of time

67.     It is unlawful restraint of the Plaintiff's liberty was also accomplished by Defendants COELLA and ESTAPE confining Plaintiff to an area in which the Plaintiff did not wish to be confined.

68.     Plaintiff was further restrained by Defendants COELLA and ESTAPE with the use of coercive words and threats of force as well as actual force and immediate means of coercion against Plaintiff, so that the Plaintiff was restrained and deprived of his liberty. Defendants COELLA and ESTAPE restrained Plaintiff without any justification and in the absence of probable cause. Defendants COELLA and ESTAPE, falsely arrest Plaintiff.

69. At all times material to this action, and at all times during which Plaintiff was being unlawfully restrained, Plaintiff was restrained against his will, and without consent, so that Plaintiff was not free to leave his place of confinement.

70. As a direct and proximate cause of Defendants COELLA and ESTAPE's actions, Plaintiff has been damaged, and damages, including mental anguish, pain and suffering, emotional distress, public humiliation and embarrassment. Defendants COELLA and ESTAPE are jointly and severally liable to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants COELLA and ESTAPE for compensatory and punitive damages, and costs, and such other and further relief as the Court deems appropriate. The Plaintiff demands a jury trial on all issues so triable.

## FIFTH CLAIM FOR RELIEF

## CLAIMS AGAINST THE CITY OF MIAMI FOR FALSE ARREST

## BASED ON RESPONDEAT SUPERIOR

71. Plaintiff realleges and repeats each and every allegation contained in the above paragraphs 1 through 31, inclusive, as if fully copied hereat.

18

72. Defendants COELLA and ESTAPE stated to Plaintiff that they were trained by the CITY to arrest persons who place a firearm in a secured center console or glove compartment for unlawful possession of a firearm.

73. CITY knew or should have known that by training Defendants COELLA and ESTAPE to arrest Plaintiff and others similarly situated for securing a firearm in a center console of a vehicle was not a criminal offense, but rather lawful conduct by Plaintiff and others similarly situated, and in accordance with the laws of the State of Florida.

74. CITY acts in training Defendants COELLA and ESTAPE in arresting Plaintiff and others similarly situated constituted an official policy and custom employed by the CITY.

75. CITY acted with deliberate, callous, or reckless indifference to the constitutional rights of Plaintiff.

76. THE CITY owed a legal duty to OU to exercise reasonable care in hiring, training, and retaining safe and competent employees.

77. In addition, the CITY with deliberate indifference to the possibility of Plaintiff's injuries, has encouraged the well-settled policy, practice, and custom of having its police officers arresting Plaintiff and others similarly situated, absent any reasonable suspicion or probable cause to believe that these individuals have committed a criminal act, in the City of Miami, Florida.

78. As a result, the CITY knew or had reason to know that Defendants COELLA and ESTAPE would act unlawfully and he failed to stop their actions, resulting in the violation of OU's civil rights.

79. As a direct and proximate result of the CITY's actions and inactions, under color of state law, and in violation of 42 U.S.C.§ 1983, Plaintiff was deprived of his constitutional rights to be secure in his person, free from unreasonable seizure, warrantless search and unlawful arrest.

80. Defendant CITY, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

81. As a direct and proximate result of this unlawful conduct, Plaintiff sustained damages in excess of $500,000.00.

82.    In order to protect and vindicate Plaintiff's interests, Plaintiff has retained counsel to prosecute this action before this Court, to which Plaintiff is entitled to recover from Defendants COELLA and ESTAPE any and all reasonable attorney's fees and costs incurred by Plaintiff related to this action.

## VIII.  PRAYER

ACCORDINGLY, Plaintiff prays that Defendants COELLA and ESTAPE and CITY OF MIAMI be required to answer to this Complaint, that this action be set for trial at an early date, and that upon the pleadings, evidence presented, and

the facts determined by the jury, the Court grant judgment to Plaintiff including the following relief:

A.      Injunctive orders, both mandatory and prohibitory, requiring the Defendants to cease and desist all conduct which injures or may tend to injure Plaintiff's constitutional rights. Additionally, Defendants shall be required to pay to Plaintiff all costs, compensatory damages, and other damages to Plaintiff as a result of Defendants' unlawful and otherwise illegal conduct. The Defendants should be restrained and further enjoined from acting in concert with another police officer or third party and their attorneys, representatives and agents from any future act which directly or indirectly violates or may tend to violate the constitutional and civil rights of Plaintiff and those similarly situated.

B.      An award of compensatory damages in accordance with the findings of the jury, together with pre- and post-judgment interests as allowed by law, recoverable jointly and severally from Defendants.

C.      An award of punitive damages in the full amount by the jury against the individual Defendants COELLA and ESTAPE.

D.      Plaintiff's costs of action, including reasonable attorney's fees and all reasonable and necessary expenses of litigation, as provided by the law, together with post-judgment interest.

E.      All other and further relief to which Plaintiff may show herself entitled to at law or in equity.

## VIII.  REQUEST FOR JURY

In the exercise of his rights under the Seventh Amendment to the United States Constitution, the applicable statutes and rules of Court, Plaintiff respectfully request all issues of fact in his several claims for relief be decided by a jury.

Miami, Florida
July 11, 2022                           LAW OFFICES OF ANDRE A. ROUVIERE
                                        4070 Laguna Street
                                        Coral Gables, Florida 33146
                                        Tel: (305)774-7000
                                        Fax:(305)946-6121

                                        *//ss// Andre Rouviere*
                                        ANDRE A. ROUVIERE

                                        Attorney for Plaintiff.

## **VERIFICATION**

PURSUANT TO TITLE 28 U.S.C. § 1746, I, FERNANDO ORTIZ a citizen of the United States and State of Florida hereby verify and affirm, under penalties of perjury that the foregoing facts and statements are true and correct, done on this 11th day of July 2022.

FERNANDO ORTIZ